UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM J. BERGIN,

    Plaintiff,

v.                                                Case No. 8:09-CV-00286-T-17MAP

CITY OF TREASURE ISLAND, a
political subdivision of the State of
Florida.

    Defendant.
_____/

**ORDER**

This cause is before the Court on Defendant's Motion to Strike and Motion to Dismiss filed on March 3, 2009 (Doc. 6-7), and the Plaintiff's response thereto filed on March 17, 2009 (Doc. 8-9). For the reasons set below, Defendant's Motion to Dismiss is **GRANTED IN PART** as to Count IV. All other Motions are **DENIED**.

**I.
Procedural and Factual Background**

Plaintiff originally filed his complaint with the Sixth Judicial Circuit in and for Pinellas County, Case Number 07-11223-CI-7. (Doc. 1). On February 17, 2009, Notice of Removal and Plaintiff's Complaint were filed with this court. (Doc. 1). Plaintiff filed a Notice of Voluntary Dismissal on February 27, 2009, removing claims for punitive damages. (Doc. 5). Defendant filed a Motion to Strike Complaint Count III and a Motion to Dismiss Counts I & IV of Complaint on March 3, 2009. (Doc. 6-7). Plaintiff filed responses to these Motions on March 17, 2009. (Doc. 8-9).

This is an action for damages alleging municipal liability against Defendant, City of Treasure Island, under 42 U.S.C. § 1983 for violation of Plaintiff's Constitutional rights arising from his arrest on September 12, 2005, and for damages under state tort law.

In brief, the Plaintiff alleges that following his arrest, he was severely beaten and tazered by the Treasure Island Police Department ("TIPD"). Further, he alleges that TIPD detained him for an excessive period of time related to this event. Plaintiff's claims revolve around alleged unlawful detention and unconstitutional beating.

## II.
## Applicable Standard

**A. Motion to Strike**

The Federal Rules of Civil Procedure provide that "the court may order stricken from any pleading any . . . redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters. *Hutchings v. Fed. Ins. Co.*, 2008 U.S. Dist. LEXIS 75334 (M.D. Fla. Sep 8, 2008). It is not intended to "procure the dismissal of all or part of a complaint." *Id.* Likewise, a motion to strike is a drastic remedy and is disfavored by the courts. *Reyher v. Trans World Airlines*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). Therefore, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*

**B. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a plaintiff's complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703. But even under the liberal pleading standard in

federal courts, conclusory statements standing alone will not suffice. *Perry v. Thompson*, 786 F.2d 1093, 1094 (11th Cir. 1986). So while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bankers Life Ins. Co. v. Credit Suisse First Boston Corp.*, 2008 U.S. Dist. LEXIS 33039 (M.D. Fla. Apr. 22, 2008) (quoting *Twombly* at 555). Therefore, to avoid dismissal, a plaintiff must allege sufficient facts to support the allegations in the complaint and state a plausible claim. *Twombly at 555.*

### III.
### Discussion

**A. Motion to Strike**

In the motion to strike, Defendant argues that counts II and III are materially the same allegation and, therefore, redundant. (Doc. 6). These counts are not redundant. "'Redundant' matter consists of allegations that constitute a needless repetition of other averments." *Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 678 (M.D. Ala 1998) (quoting 5A Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 1382 at 704 (1990)). Both counts contain extremely similar claims, but have some dissimilarity that can potentially create a materially meaningful difference. The essential question is, therefore, whether failure to train and failure to discipline are recognized as two separate allegations in this jurisdiction.

For any attempt to impose Section 1983 liability on either a municipality or a supervisor for the act of an employee, be it failure to discipline or failure to train, a plaintiff must demonstrate: (1) a violation of a constitutional right, (2) a custom or policy constituting deliberate indifference to that constitutional right, and (3) a causal link between the policy or custom and the violation. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Even if there is no written custom or policy,

one can be inferred if the city acts with "deliberate indifference" toward unconstitutional behavior, thereby establishing a 'custom' within the meaning of *Monell*. *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985).

In the 11th Circuit, failure to train and failure to discipline have been found as distinct and separate bases for liability. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (failure to train), *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985) (failure to discipline). Recognition of a claim on the basis of either failure can constitute liability. Since the failure to train and the failure to discipline would concern separate activities and separate "deliberate indifferences," then it follows that they are separate allegations and are not redundant. Because these two claims are not redundant, the defendant has failed to allege that the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.

**B. Motion to Dismiss**

  **1. Count I**

Plaintiff adequately alleges an unlawful detention claim against the paragraph in Count I. Considering the low hurdle, Plaintiff's relatively bare argument constitutes enough to state a claim upon which relief can be granted. The elements of the claim are clearly written by the Plaintiff, and the related facts are alleged in Count I, (Doc. 2 at ¶¶ 14-18) as well as in the general allegations (Doc. 2 at ¶¶ 6-11).

Defendant's motion and Plaintiff's response raise contention with what claim Count I actually alleges. However, City of Treasure Island misreads the allegation. Reading the Complaint as a whole, there is a consistent pattern in each count of the Plaintiff's complaint. In each Count, the second paragraph states the claim and the following paragraphs constitute allegations in support of

that claim. (*See* Doc. 2 at ¶¶ 15-19, 22-30, 33-42). Following this pattern, Plaintiff clearly alleges unlawful detention rather than false arrest or violation of due process. While defendant's arguments for failure to state a claim are sound, they argue against claims that the Plaintiff has not made.

**2. Count IV**

Plaintiff does not adequately state a claim upon which relief can be granted in Count IV. The quoted sections of *Bell Atlantic Corp. v. Twombly* above seem perfectly applicable in the present case. The Plaintiff has indeed alleged all necessary elements that constitute a tort claim of negligent retention in the State of Florida. (Doc. 2 at ¶¶ 45-49); *Matthews v. City of Gulfport*, 72 F.Supp.2d 1328, 1340 (M.D. Fla. 1999). However, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544.

Plaintiff has merely recited the elements that constitute negligent retention. (Doc. 2 at ¶¶ 45-49). The memorandum accompanying the Motion to Dismiss successfully makes this argument, though under a different heading. (Doc. 7 at 6). While the argument that a city cannot have liability imposed due to negligence is incorrect, Defendant's repeated questioning of the Complaint as to an absence of facts in the Complaint is completely warranted. Unlike Count I, there are no factual allegations of wrongdoing. There is no mention of particular reasons why the Defendant would be negligent in retaining the TIPD officers. If the beating itself is the only event that would give rise to a negligent retention claim, then there is no causal connection between the retention of the TIPD officers and the alleged breach of duty to Plaintiff that already happened. *Garcia v. Duffy*, 492 So.2d 435, 440-41 (Fla. 2d D.C.A. 1986) (if the City has no reason to know that particular officers are dangerous, a victim of actions by those officers cannot establish a causal connection for a claim of negligent retention). Without any particular allegation of pre-existing knowledge, no set of facts can give relief to Plaintiff on a claim of negligent retention.

Even though Plaintiff's claim is dismissed for failure to state a claim, Plaintiff should be given "at least one chance to amend the complaint" under Fed. R. Civ. Proc. 15(a) before dismissal. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991). A plaintiff should be denied leave to amend a complaint, if the court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co, v. Serv-Well Furniture Co. Inc.*, 806 F.2d 1393, 140 (9th Cir. 1986). Here, Plaintiff would be wise to avail himself of the opportunities of the Federal Rules by alleging enough facts that would allow him to adequately receive relief and properly state a claim.

## IV. CONCLUSION

This Court must grant in part Defendant's Motion to Dismiss as it concerns Count IV of the complaint. The Court must deny all other motions. Accordingly, it is:

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED IN PART** as to Claim IV; all other Motions are **DENIED**. The Plaintiff shall have ten days from this date to file an amended complaint.

**DONE** and **ORDERED** in chambers, in Tampa, Florida, this 8th day of June, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.